```
UNITED STATES DISTRICT COURT                              For Online Publication Only
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CARL RAMIREZ,

                            Plaintiff,
                                                          ORDER
             -against-                                    15-CV-3416 (JMA) (AYS)

CHS SERVICES, GOOD SAMARITAN HOSPITAL,

                            Defendants.
----------------------------------------------------------------------X
```
**AZRACK, United States District Judge:**

Before the Court is Magistrate Judge Shields's Report and Recommendation (the "R & R"), recommending that defendants' motion to dismiss be granted in part and denied in part. The parties timely objected to the R & R. Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts Judge Shields's Report and Recommendation in its entirety.

## I. BACKGROUND

Pro se plaintiff Carl Ramirez is a former employee of defendants CHS Services, Inc. ("CHS") and Good Samaritan Hospital ("Good Samaritan"). Plaintiff, a Hispanic man, brings this suit for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (the "ADEA").

Plaintiff filed his complaint in June 2015. Judge Bianco granted defendants leave to file a motion to dismiss the complaint in September 2015. Judge Bianco referred the fully-briefed motion to Judge Shields. In August 2016, Judge Shields issued her R & R, recommending that defendants' motion to dismiss be granted in part and denied in part. (ECF No. 31.) After the parties timely objected, Judge Bianco recused himself from the case. The case was then reassigned

to me.

Familiarity with the motions, the R & R, and the objections is assumed.

## II. DISCUSSION

The Court has reviewed Judge Shields's recommendations to which the parties did not specifically object. After review, I find that they contain no clear error, and I adopt those findings. Upon a de novo review of the record and Judge Shields's well-reasoned Report and Recommendation, the Court affirms and adopts the Report and Recommendation in its entirety as the opinion of the Court.

### A. Legal Standard

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The "submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).

### B. Defendants' Objections

Defendants object to Judge Shields's recommendations to (1) deny defendants' motion to dismiss plaintiff's race discrimination claim based on his termination; and (2) permit plaintiff to

re-plead his allegations of race discrimination for adverse actions that occurred between November 12, 2013, and November 20, 2013. (Defs.' Objections at 2, ECF No. 33.) Defendants assert that plaintiff's complaint and other submissions do not create a plausible inference of discrimination.

I agree with Judge Shields that plaintiff has alleged sufficient facts to sustain his "minimal burden" at the motion to dismiss stage. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015) ("On a motion to dismiss, the question is not whether a plaintiff is likely to prevail, but whether the well-pleaded factual allegations plausibly give rise to an inference of unlawful discrimination . . . .").

Defendants argue that plaintiff failed to identify comparators that are similarly situated in all material respects. However, "[o]rdinarily, 'whether two employees are similarly situated . . . presents a question of fact,' rather than a legal question to be resolved on a motion to dismiss." Brown v. Daikin Am. Inc., 756 F.3d 219, 230 (2d Cir. 2014) (quoting Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir.2000)). Drawing all reasonable inferences in plaintiff's favor, plaintiff has sufficiently alleged that he was treated differently from similarly situated white, managers who worked in the same department. See Yang v. Dep't of Educ. of the City of New York, No. 14-CV-7037, 2016 WL 4028131, at *9 (E.D.N.Y. July 26, 2016) (citing Brown, 756 F.3d at 230) ("[T]he law does not require detailed pleadings regarding the similarly situated comparators.").

Defendants also argue that no inference of discrimination can be inferred from plaintiff's statistical submissions and his allegations that he was the only non-Caucasian finance manager terminated at the time. However, I agree with Judge Shields that plaintiff's allegations, including those related to his time-barred claims, allow plaintiff to prevail at the pleading stage.

For similar reasons, because amendment is not necessarily futile under these

3

circumstances, I agree that plaintiff should be given an opportunity to re-plead his allegations of race discrimination for adverse actions occurring between November 12, 2013, and November 20, 2013.

**C. Plaintiff's Objections**

Plaintiff objects to Judge Shields's recommendations to (1) dismiss as time-barred plaintiff's claims before November 12, 2013; (2) dismiss plaintiff's retaliation claim; and (3) dismiss plaintiff's age discrimination claim. (Pl.'s Objections at 1, ECF No. 37.)

I agree with Judge Shields that this case does not present exceptional circumstances which would warrant equitable tolling of plaintiff's time-barred claims. To the extent plaintiff does not allege any adverse actions between November 12, 2013, and November 20, 2013, these earlier claims are barred.

Moreover, I agree with Judge Shields that plaintiff has failed to state a claim for retaliation because he has failed to plausibly allege he engaged in protected activity under Title VII or any facts supporting an inference of retaliation. (R & R at 22.) Plaintiff's objections do not remedy these defects.

Similarly, plaintiff has failed to state a claim for age discrimination. In his objection, plaintiff submits a list of promoted employees in finance that "[a]s best as can [sic] estimate all of them were a lot younger that [sic] I was during this period." (Pl.'s Objections at 6.) However, plaintiff's conclusory statements and speculation are insufficient to state a claim. Plaintiff concedes in his objection that "I can't and will not ascertain for sure that age discrimination took place . . . ." (Id.) Therefore, I disagree with plaintiff that the age discrimination claim should be permitted to proceed.

## III. CONCLUSION

Upon a de novo review and for the reasons set forth above, the Court adopts Judge Shields's Report and Recommendation in its entirety and grants in part and denies defendants' motion to dismiss the complaint. Defendant Good Samaritan is dismissed from this case. Plaintiff's discrimination claim based on his termination will proceed against CHS. Plaintiff is also given leave to amend his complaint, as provided in the Report and Recommendation.

**SO ORDERED.**

Dated: September 30, 2016
Central Islip, New York

        /s/    (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE